UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| THOMAS GLENDALE JOHNSON, | § | |
| INDIVIDUALLY AND ON BEHALF | § | |
| OF ALL OTHERS SIMILARLY | § | |
| SITUATED | § | |
| | § | |
| VS. | § | NO: MO: 19-CV-205 |
| | § | |
| RYAN C. HOERAUF, INC. D/B/A | § | |
| O'RYAN OIL & GAS AND | § | |
| RYAN C. HOERAUF | § | |

**DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DEFENDANTS RYAN C. HOERAUF, INC. D/B/A O'RYAN OIL & GAS

AND RYAN C. HOERAUF (hereinafter "Defendants"), and file this Motion to Dismiss for

Improper Venue under Rule 12(b)(3) and 28 U.S.C § 1406(a), and, alternatively, for Insufficient

Process or Insufficient Service of Process as to Ryan C. Hoerauf, individually, and, alternatively,

for Failure to State a Claim under Rule 12(b)(6). [1]   In support hereof, Defendants would

respectfully show the Court as follows:

**I.**
**MOTION TO DISMISS FOR IMPROPER VENUE**

A.      Summary

The Court should dismiss all claims brought by Plaintiff Thomas Glendale Johnson,

whether brought on behalf of himself or, purportedly, all others similarly situated ("Plaintiff"), for

improper venue.  Plaintiff claims Defendants violated 29 USC § 207 ("FLSA") while Plaintiff

---

[1] The service of these motions suspends the time to file an answer under Rule 12(a).  *See* Fed. R. Civ. P. 12(a)(4).

worked at the O'Ryan Oil & Gas Big "R" Gas Plant (the "Big R Plant").  Plaintiff claims venue is

proper in the Eastern District of Texas—Tyler Division based on the location of the Big R Plant.[2]

Plaintiff claims the Big R Plant is in Henderson County, Texas, or Henderson, Texas, the county

seat for Rusk County, Texas, both of which are located within the Tyler Division.  *See* Pl.'s Compl.,

¶¶3-4.  Plaintiff's alleged venue facts are wrong.  The Big R Plant is in Navarro County, Texas,

within the Northern District of Texas, and not Henderson County, or Rusk County.  The Court

should dismiss Plaintiff's claims for improper venue under Rule 12(b)(3).

> **B.**      **Venue Facts**

In support of this motion, Defendants attach and incorporate as Exhibit 1 the Affidavit of

Ryan C. Hoerauf and, as Exhibit 1-A, the business records attached thereto.  *See* Ex. 1; Ex. 1-A.

The Big R Plant's address is 8061 N. E. County Road 2100, Powell, Texas 75153, which is located

approximately 1 mile north of Powell, Texas, in Navarro County, Texas.  *See* Ex. 1; Ex. 1-A.  The

Big R Plant is *not* located in Henderson County, Texas, or Rusk County, Texas.  *See* Ex. 1.  The

Big R Plant is in Navarro County, Texas, which is within the Northern District of Texas—Dallas

Division.  *See* Ex. 1.

> **C.**      **Venue Standard**

Federal Rule of Civil Procedure 12(b)(3) allows a case to be dismissed for improper venue.

Fed. R. Civ. P. 12(b)(3); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is

filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

justice, transfer such case to any district or division in which it could have been brought."). When

a defendant raises improper venue, the Plaintiff has the burden to prove that the chosen venue is

proper.  *Norsworthy v. Mystik Transp., Inc.*, 430 F. Supp. 2d 631, 633 (E.D. Tex. 2006) (citing

---

[2] Plaintiff's venue facts assert that venue is proper in the "Marshall Division", which Defendants presume to mean "Tyler Division".  *See* Pl's Compl., ¶3.

*Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504 (E.D. Tex. 2003).  Although the Court will generally accept a Plaintiff's venue facts as true, "when a defendant submits affidavits or evidence controverting specific facts alleged in a Plaintiff's complaint, a court is no longer required to accept those controverted facts as true."  *Kranos IP Corp. v. Riddell, Inc.*, 2:17-CV-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017) (citing cases).

### D.      Arguments and Authorities

Venue is proper in the Western District of Texas—Midland/Odessa Division, or the Northern District of Texas—Dallas Division, *not* the Eastern District of Texas—Tyler Division. Under 28 U.S.C. § 1391(b), a civil action may be brought in a judicial district where any defendant "resides" or in which a "substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(1), (b)(2); *see also Horihan v. Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1078 (E.D. Tex. 1997) (noting the default provision, now under 1391(b)(3), does not apply where venue is proper in another judicial district).  Plaintiff's sole ground for establishing venue in this judicial district is based on the location of the Big R Plant, which is where Plaintiff claims he worked and where Plaintiff claims Defendants were "doing business". *See* Pl's Orig. Compl. ¶ 2-4.  The evidence before the Court conclusively proves that venue is within the Western District of Texas or the Northern District of Texas because the Big R Plant is within the Northern District of Texas.  *See* Ex. 1; Ex. 1-A.

The Eastern District of Texas is not a district where Defendants "reside".  A corporation resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).  Ryan C. Hoerauf, Inc. is not subject to either general or specific jurisdiction in the Eastern District of Texas when it comes to Plaintiff's claims.

Ryan C. Hoerauf, Inc. is only subject to general jurisdiction where it is "at home"—which is typically, though not exclusively, its place of incorporation or principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  Here, the alleged principal place of business is in Odessa, Texas, located within the Western District of Texas—Midland/Odessa Division.  *See* Pl's Compl. ¶2; Ex.1.  Plaintiff fails to plead any facts to support that a business located in the Western District of Texas and operating a plant in the Northern District of Texas is subject to the general jurisdiction of the Eastern District of Texas.  Ryan C. Hoerauf, Inc. is not subject to "general jurisdiction" in the Eastern District of Texas.

Ryan C. Hoeauf, Inc. is also not subject to "specific jurisdiction" in the Eastern District of Texas.  To establish specific jurisdiction with respect to a jurisdiction district, the claims in a case must "arise out of or relate to" those contacts in the judicial district. *See Oldfield v. Pueblo De Bahia Lora, S.A.,* 558 F.3d 1210, 1222 (11th Cir.2009) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).  Here, the evidence demonstrates that the alleged "contacts" with the Eastern District of Texas at the Big R Plant occurred in the Northern District of Texas.  *See* Ex. 1.  As such, there is no "but-for" causal connection between the conduct that led to Plaintiff's claims and the Eastern District of Texas. *See id.* at 1222–23 (explaining that at a minimum for specific jurisdiction, the "contact must be a 'but for' cause of the tort").

Likewise, the Eastern District of Texas is not where a substantial part of the events or omissions giving rise to the claims occurred.  *See* 28 U.S.C. § 1391(b)(2).  For each of the reasons explained above, the claims arose from events allegedly occurring at the Big R Plant, which is in Navarro County in the Northern District of Texas, or from Ryan C. Hoerauf Inc.'s principal place of business within the Western District of Texas.

Whether Plaintiff's basis for venue is based on where the Defendants "reside"[3] or where the alleged events or omissions occurred, venue is improper in the Eastern District of Texas. Plaintiff's allegations fail to provide another factual basis to support venue in this judicial district. The Court should dismiss this case for improper venue.

## II.
## RYAN C. HOERAUF'S ALTERNATIVE MOTION TO DISMISS FOR IMPROPER SERVICE

Alternatively, Ryan C. Hoerauf, individually, moves to dismiss all claims asserted against him for insufficient process, or insufficient service of process, under Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure.  Rule 4 of the Federal Rules of Civil Procedure requires, among other things, that a summons be "direct to the defendant".  Fed. R. Civ. P. 4(a)(1)(B).  Dismissal is proper because this did not occur.

Plaintiff alleges violations of certain rights to receive overtime pay "from Defendant, Ryan C. Hoerauf, Inc. dba O'Ryan Oil & Gas."  Pl's Compl. ¶1.  Plaintiff only requested and sought service as to Defendant Ryan C. Hoerauf Inc.  *See* Pl's Compl.  ¶2; Doc. No. 2.  Plaintiff's prayer for relief seeks recovery only "from Defendant".   Plaintiff also claims Ryan C. Hoerauf, individually, was an employer who allegedly failed to pay Plaintiff overtime, and Ryan C. Hoerauf's name appears in the style of the cause.  *See* Pl's Compl. ¶5-6.  Plaintiff, however, did not request or obtain service as to Ryan C. Hoerauf, individually.  *See* Pl's Compl.  ¶2; Doc. No. 2.  Although Plaintiff sought to serve Ryan C. Hoerauf as the registered agent for service of the entity, allowing this to simultaneously act as a substitute for service on Ryan C. Hoerauf individually violates Rule 4 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4.  As

---

[3] Plaintiff does not allege facts pertaining to Ryan C. Hoerauf's domicile.  To the extent Plaintiff asserts claims against Ryan C. Hoerauf individually, the pleadings and evidence demonstrate that his domicile is in the same location as the entity's principal place of business, Odessa, Texas.  *See* Pl's Compl. ¶2; *see also* Ex. 1.

such, the Court should dismiss all claims asserted against Ryan C. Hoerauf, individually, for insufficient service of process or insufficient process under Rule 12(b)(4) and/or Rule 12(b)(5).

### III.
### ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Alternatively, Defendants move to dismiss all claims asserted against them for failure to state a claim.  Plaintiff claims "Defendants" are employers subject to the FLSA because they are "involved in commerce".  Plaintiff claims he was a plant operator at the Big R Plant and was "not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week."  Pl's Compl. ¶8.  These allegations are insufficient to survive a challenge under Rule 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must provide enough facts to state a claim for relief that is plausible on its face.  *See* Fed. R. Civ. P. 12(b)(6); *Jebaco, Inc. v. Harrah's Operating Co.,* 587 F.3d 314, 318 (5th Cir. 2009).  Facial plausibility requires facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The complaint must allege more than "labels and conclusions," for example, "a formulaic recitation of the elements of a cause of action will not do," and, finally, "factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

As to a claim asserted under the FLSA, to survive a motion to dismiss, a plaintiff must allege facts to demonstrate there is coverage under the FLSA.  The FLSA guarantees overtime pay to employees either "'engaged in the production of goods for commerce' ('individual coverage') *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir.1992) (emphasis in

6

original) (citing 29 U.S.C. § 207(a)(1)).  Because coverage is an element of an FLSA claim, the

plaintiff must allege facts that show coverage to survive a motion to dismiss. *See, e.g.*, *Baker v.*

*ABC Provider DFW, LLC*, 4:13-CV-288, 2014 WL 1267302, at \*2 (E.D. Tex. Mar. 26, 2014)

(citing cases).

The only facts Plaintiff alleges to support coverage is Defendants were engaged in

commerce.  This is insufficient.  *See, e.g.*, *Baker*, 2014 WL 1267302, at \*2 (granting a dismissal

where allegation merely stated that defendant was an "enterprise engaged in interstate commerce

because it 'regularly owned and operated businesses engaged in commerce or in the production of

goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)'")

(citing cases).  Plaintiff mere citation to the elements of his cause of action are insufficient to

establish an entitlement to relief.  *See id.*  Plaintiff's claims should be dismissed for failure to state

a claim.

Dismissal is also appropriate because Plaintiff fails to establish that a violation occurred.

To survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that

he worked more than forty hours in a given workweek without being compensated for the overtime

hours worked during that workweek.  *See, e.g.*, *Landers v. Quality Communications, Inc.*, 771 F.3d

638, 644–46 (9th Cir. 2014), as amended (Jan. 26, 2015) ("We are persuaded by the rationale

espoused in the First, Second and Third Circuit cases") (citing cases).  Although plaintiffs in these

types of cases cannot be expected to allege "with mathematical precision," the amount of overtime

compensation owed, they should be able to allege facts demonstrating there was at least one work

week in which they worked in excess of forty hours and were not paid overtime wages. *Id.* at 646.

Lack of "sufficient detail about the length and frequency of [his] unpaid work to support a

reasonable inference that [he] worked more than forty hours in a given week." *Id.* (internal quotations omitted, alterations in the original).

Here, Plaintiff fails to allege any details regarding when he, or his purported class representatives, worked over forty-hours in a given workweek and were not paid overtime. The pleadings, instead, merely recite the elements of a claim under the FLSA. Again, this is insufficient to establish an entitlement to relief. Plaintiff's claims should be dismissed.

## IV.
## PRAYER FOR RELIEF

Defendants request that the Court dismiss Plaintiff's claims in their entirety for the reasons stated herein. Venue is not proper in the Eastern District of Texas. As such, the Court should dismiss the claims under 28 U.S.C. § 1406 and Rule 12(b)(3). Alternatively, dismissal is proper as to Ryan C. Hoerauf because Plaintiff has not served or requested service as to him individually, requiring dismissal under Rule 12(b)(4) or Rule 12(b)(5). Alternatively, Plaintiff's claims should be dismissed for failure to state a claim for relief, as Plaintiffs fail to allege facts to support a claim under the FLSA.

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court grant their motion to dismiss along with such other and further relief to which they may themselves to be entitled.

Respectfully Submitted,

By:   /s/ *R. Layne Rouse*
          R. LAYNE ROUSE
          State Bar No. 24066007
          lrouse@shaferfirm.com

**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Drawer 1552
Odessa, TX 79760-1552
(432) 332-0893
(432) 333-5002 – Facsimile
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd  day of July, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel of record via electronic service.

William S. Hommel, Jr.
Hommel Law Firm
5620 Old Bullard Road, Ste. 115
Tyler, Texas 75703
bhommel@hommelfirm.com

 /s/ R. L*ayne Rouse*
R. Layne Rouse